IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CENTERWAY BEHAVIORAL HEALTH LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>HUMANA, INC., CENTERWELL CERTIFIED HEALTHCARE CORP., CENTERWELL HEALTH SERVICES (USA), LLC, CENTERWELL PHARMACY, INC., CENTERWELL SENIOR PRIMARY CARE (NC), P.C., CENTERWELL SENIOR PRIMARY CARE (SC), P.C., CENTERWELL SENIOR PRIMARY CARE (SC) JV, P.C.<br><br>      Defendants. | Case No.   2:25-cv-13449-DCN<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Centerway Behavioral Health LLC ("Plaintiff") complains against Defendants Humana, Inc., Centerwell Certified Healthcare Corp., Centerwell Health Services (USA), LLC, Centerwell Pharmacy, Inc., Centerwell Senior Primary Care (NC), P.C., Centerwell Senior Primary Care (SC), P.C., and Centerwell Senior Primary Care (SC) JV, P.C. (collectively, "Defendants") and alleges as follows:

### Nature of Action

1.       This is an action for infringement of a federally registered trademark in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. §§ 1114(1)(a) and (b); false designation of origin and unfair competition in violation Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); false advertising and unfair competition in violation Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); infringement of a registered South Carolina servicemark

in violation of South Carolina Code §§ 39-15-1160(A)(1) and (2), common law unfair competition; common law servicemark infringement; unfair trade practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10, et seq.; and unjust enrichment.

**Parties**

2.     Plaintiff is a South Carolina limited liability company with its principal place of business in Charleston, South Carolina.

3.     Defendant Humana, Inc. ("Humana") is a Delaware corporation whose principal place of business is in Louisville, Kentucky. Defendant Humana, Inc. owns and/or controls offices in many U.S. states, including South Carolina.

4.     Defendant Centerwell Certified Healthcare Corp. is a Delaware corporation. On information and belief, Centerwell Certified Healthcare Corp. has a principal place of business in Louisville, Kentucky, and owns or controls offices and/or healthcare facilities in many U.S. states, including South Carolina.

5.     Defendant Centerwell Health Services (USA), LLC is a Delaware limited liability company. On information and belief, Centerwell Health Service (USA), LLC has a principal place of business in Louisville, Kentucky, and owns or controls offices and/or healthcare facilities in many U.S. states, including South Carolina.

6.     Defendant Centerwell Pharmacy, Inc. is a Delaware corporation. On information and belief, Defendant Centerwell Pharmacy, Inc. has a principal place of business in Louisville, Kentucky, and owns or controls offices and/or pharmacies in many U.S. states, including South Carolina.

7.     Defendant Centerwell Senior Primary Care (NC), P.C. is a North Carolina corporation. On information and belief, Centerwell Senior Primary Care (NC), P.C. has a principal

place of business in North Carolina, and owns or controls offices and/or healthcare facilities in North Carolina and South Carolina.

8.  Defendant Centerwell Senior Primary Care (SC), P.C. is a South Carolina corporation. On information and belief, Centerwell Senior Primary Care (SC), P.C. has a principal place of business in South Carolina, and owns or controls offices and/or healthcare facilities in South Carolina, including in Charleston County, South Carolina.

9.  Defendant Centerwell Senior Primary Care (SC) JV, P.C. is a South Carolina corporation. On information and belief, Centerwell Senior Primary Care (SC) JV, P.C. has a principal place of business in South Carolina, and owns or controls offices and/or healthcare facilities in South Carolina, including in Charleston County, South Carolina.

10. Defendants conduct extensive business in South Carolina, including multiple locations in Charleston County at which they provide medical services under the name Centerwell. Defendants also provide home-health services throughout South Carolina under the name Centerwell.  Each of these Defendants is registered to do business in South Carolina.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  This Court has subject matter jurisdiction over Plaintiff's state law claims under principles of supplemental jurisdiction, 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the actions complained of herein occurred in this District, and Plaintiff is being injured in this District.

## Plaintiff's Centerway Marks

13. Plaintiff is the owner of U.S. Trademark Reg. No. 5,551,745, registered on the Principal Register on August 28, 2018 for the mark CENTERWAY BEHAVIORAL HEALTH (and design) (the "'745 Registration") for use in connection with behavioral health services and mental health services.

14. Plaintiff is also the owner of a South Carolina Service Mark Registration for the mark CENTERWAY for use in connection with healthcare services. Collectively, the Federal and South Carolina registrations and the respective registered marks are hereinafter referred to as the "Centerway Marks."

15. Plaintiff has been using the Centerway Marks in interstate commerce continuously from approximately April 2018 to the present in connection with providing healthcare services, including behavioral health services and mental health services. Plaintiff's patients include persons of all ages, including seniors.

16. Plaintiff has worked hard for many years to develop a favorable reputation both in South Carolina and nationally in providing its healthcare services under the Centerway Marks. Plaintiff has a website and multiple office locations that prominently feature the Centerway Marks.

17. By virtue of its use of the Centerway Marks since 2018 and its federal and state registrations of the Centerway Marks, Plaintiff has the exclusive right to use the marks in South Carolina and throughout the United States.

18. The general public recognizes Plaintiff's business and its services through the Centerway Marks.

**Defendants' Infringing Actions**

19. Defendants offer healthcare services, including behavioral health services and mental health services, to the public under the name Centerwell. Defendants provide these services under the name Centerwell in South Carolina and in interstate commerce.

20. Defendants advertise, market, sell, and offer healthcare services under the name Centerwell in a variety of ways, including via the website ([www.centerwell.com](www.centerwell.com)) and via physical locations, including multiple locations in South Carolina and throughout the United States.

21. Defendant Humana has applied for multiple trademark registrations for the mark CENTERWELL (including CENTERWELL by itself and with other words and designs). In their U.S. Trademark Application with serial number 99175849 filed on May 8, 2025, Humana represented to the USPTO that Defendants began using the CENTERWELL mark in commerce in connection with medical services in March 2022.

22. Plaintiff had already been using the Centerway Marks for medical services for approximately 4 years when Defendants began using the name/mark Centerwell for medical services.

23. Defendants' Centerwell name and marks are confusingly similar to Plaintiff's Centerway Marks. This is especially true because Defendants offer the same services as Plaintiff – healthcare services, including behavioral health and mental health services.

24. Because the Centerwell name and marks are confusingly similar to the Centerway Marks and are used for the same services as the Centerway Marks, there is a likelihood of consumer confusion.

25. In fact, there has been actual consumer confusion. Plaintiff became aware of Defendants' infringing use of their substantially similar name/marks due to numerous people contacting Plaintiff and confusing Plaintiff's and Defendants' names/marks.

26. Plaintiff has been contacted by numerous people who mistakenly used Defendants' "Centerwell" name/mark when contacting Plaintiff, including without limitation consumers seeking Defendants' services who contacted Plaintiff instead. On information and belief, Defendants have also been contacted by consumers who were confused by the similarity of Plaintiff's and Defendants' names/marks, including without limitation consumers seeking Plaintiff's services who contacted Defendants instead.

27. Thus, Defendants' use of the Centerwell name and marks in providing healthcare services has caused and will continue to cause consumer confusion due to the similarity of the parties' names/marks and the similarity of the services that Plaintiff and Defendants offer to the public.

28. After learning of Defendants' confusingly similar name/marks and observing actual consumer confusion, Plaintiff notified Defendants, via Defendant Humana, of their infringing conduct and requested that Defendants cease and desist use of the name Centerwell (and any other confusingly similar names) for medical services.

29. In addition to this actual notice of Plaintiff's senior marks, Defendants also had constructive notice of Plaintiff's Centerway Marks by virtue of the '745 Registration (and published application) as well as Plaintiff's South Carolina trademark registration.

30. Despite receiving Plaintiff's notice and request that Defendants stop infringing Plaintiff's trademark and related rights, Defendants have continued their unlawful conduct.

31. Defendants' actions as detailed in the paragraphs above have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law for such injury.

**FIRST CAUSE OF ACTION**
**Infringement of Registered Trademark**
**<u>Violation of 15 U.S.C. § 1114(1)(a)</u>**

32. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

33. Defendants' use of the name/mark Centerwell in connection with offering for sale, selling and providing medical services constitutes an unconsented use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered trademark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive, all in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

34. Defendants' unlawful actions as described in the paragraphs above were undertaken willfully and with the intent and knowledge that such actions would cause confusion, mistake or deception in the relevant market.

35. Defendants' use of the confusingly similar name/mark Centerwell in violation of 15 U.S.C. § 1114(1)(a) has caused Plaintiff injury and damages in an amount to be proven at trial. Pursuant to 15 U.S.C. §1117, Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

36. Defendants' infringing conduct as described in the paragraphs above has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous damage and injury to its goodwill and business reputation. Monetary damages will not

afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

## SECOND CAUSE OF ACTION
### Infringement of Registered Trademark
### Violation of 15 U.S.C. § 1114(1)(b)

37. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

38. Defendants, without the consent of Plaintiff, are reproducing, counterfeiting, copying, or colorably imitating Plaintiff's registered trademark, and applying such reproductions, counterfeits, copies or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used in interstate commerce upon or in connection with the sale, offering for sale, distribution, or advertising of medical services, on or in connection with which such use is likely to cause confusion, or to cause mistake or to deceive, all in violation of Section 32(1)(b) of the Lanham Act, 15 U.S.C. § 1114(1)(b).

39. Defendants' unlawful actions described in the paragraphs above were undertaken willfully and with the intent and knowledge that such would cause confusion, mistake or deception in the relevant market.

40. Defendants' conduct in violation of 15 U.S.C. § 1114(1)(b) has caused Plaintiff injury and damages in an amount to be proven at trial. Pursuant to 15 U.S.C. §1117, Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

41. Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

## THIRD CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### <u>Violation of 15 U.S.C. § 1125(a)(1)(A)</u>

42. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

43. Defendants' infringing conduct, including their use of the name Centerwell that is confusingly similar to Plaintiff's Centerway Marks, constitutes a use in interstate commerce, on or in connection with goods or services of a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities in the relevant market, all in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. Defendants' unlawful actions described in the paragraphs above were undertaken willfully and with the intent and knowledge that such would cause confusion, mistake or deception in the relevant market.

45. Defendants' unlawful conduct in violation of 15 U.S.C. § 1125(a)(1)(A) has caused Plaintiff injury and damages in an amount to be proven at trial. Pursuant to 15 U.S.C. §1117, Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

46. Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

## FOURTH CAUSE OF ACTION
### False Advertising and Unfair Competition
### <u>Violation of 15 U.S.C. § 1125(a)(1)(B)</u>

47.  Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

48.  Defendants' infringing conduct, including their use of the name Centerwell that is confusingly similar to Plaintiff's Centerway Marks, constitutes a use in commerce, on or in connection with goods or services, of a word, term, name, symbol or device, or a combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of the Defendants' or Plaintiff's goods, services or commercial activities, all in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

49.  Defendants' unlawful actions described in the paragraphs above were undertaken willfully and with the intent and knowledge that such would cause confusion, mistake or deception in the relevant market.

50.  Defendants' unlawful conduct in violation of 15 U.S.C. § 1125(a)(1)(B) has caused Plaintiff injury and damages in an amount to be proven at trial.  Pursuant to 15 U.S.C. §1117, Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

51.  Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation.  Monetary damages will not afford full and adequate relief.  As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

## FIFTH CAUSE OF ACTION
### Infringement of Registered South Carolina Servicemark
### Violation of S.C. Code § 39-15-1160(A)(1)

52. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

53. In connection with offering for sale, selling, advertising, and providing medical services under the name/mark Centerwell, Defendants are reproducing, counterfeiting, copying, or colorably imitating Plaintiff's registered South Carolina servicemark, and applying such reproductions, counterfeits, copies or colorable imitations to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used on or in connection with the sale or other distribution in South Carolina of Defendants' goods and services, in violation of South Carolina Code § 39-15-1160(A)(2).

54. Defendants' unlawful actions as described in the paragraphs above were undertaken willfully, in bad faith, and/or with knowledge that such actions would cause confusion, mistake or deception in the relevant market.

55. Defendants' use of the confusingly similar name Centerwell in violation of South Carolina Code § 39-15-1160(A)(2) has caused Plaintiff injury and damages in an amount to be proven at trial. Pursuant to South Carolina Code § 39-15-1170(A), Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

56. Defendants' infringing conduct as described in the paragraphs above has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

**SIXTH CAUSE OF ACTION**
**Infringement of Registered South Carolina Servicemark**
<u>**Violation of S.C. Code § 39-15-1160(A)(2)**</u>

57.     Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

58.     Defendants' use of the name/mark Centerwell in connection with offering for sale, selling, advertising, and providing medical services constitutes an unconsented use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered South Carolina servicemark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive as to the origin of the goods and services, all in violation of South Carolina Code § 39-15-1160(A)(1).

59.     Defendants' unlawful actions as described in the paragraphs above were undertaken willfully, in bad faith, and/or with knowledge that such actions would cause confusion, mistake or deception in the relevant market.

60.     Defendants' use of the confusingly similar name/mark Centerwell in violation of South Carolina Code § 39-15-1160(A)(1) has caused Plaintiff injury and damages in an amount to be proven at trial.  Pursuant to South Carolina Code § 39-15-1170(A), Plaintiff is also entitled to recover treble damages and costs, including reasonable attorneys' fees.

61.     Defendants' infringing conduct as described in the paragraphs above has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous damage and injury to its goodwill and business reputation.  Monetary damages will not afford full and adequate relief.  As a result, Plaintiff is entitled to preliminary and permanent injunctive relief, in addition to monetary relief.

## SEVENTH CAUSE OF ACTION
### Common Law Unfair Competition

62. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein

63. Plaintiff has an exclusive right to use the Centerway Marks to identify its goods and services by virtue of its use of the marks and its federal and South Carolina registrations.

64. Defendants' use of the name/mark Centerwell for medical products and services creates consumer confusion as to the source, origin or sponsorship of Defendants' goods and services.

65. Defendants' unlawful conduct described in the paragraphs above constitutes unfair competition.

66. Defendants' unlawful actions described in the paragraphs above were undertaken willfully and with the intent and knowledge that such would cause confusion, mistake or deception in the relevant market.

67. Defendants' violation of South Carolina common law preventing unfair competition has caused Plaintiff injury and damages in an amount to be proven at trial.

68. Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief.

## EIGHTH CAUSE OF ACTION
### Common Law Servicemark Infringement

69. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

70. Plaintiff has an exclusive right to use the Centerway Marks to identify its goods and services by virtue of its use of the marks and its federal and South Carolina registrations.

71. Defendants' use of the name/mark Centerwell for medical services creates consumer confusion as to the source, origin or sponsorship of Defendants' services and Plaintiffs' services.

72. Defendants' unlawful conduct described in the paragraphs above infringes on Defendants' servicemark and trademark rights.

73. Defendants' unlawful actions described in the paragraphs above were undertaken willfully and with the intent and knowledge that such would cause confusion, mistake or deception in the relevant market.

74. Defendants' infringement of Plaintiff's servicemark and trademark rights has caused Plaintiff injury and damages in an amount to be proven at trial.

75. Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary and permanent injunctive relief.

## NINTH CAUSE OF ACTION
### South Carolina Unfair Trade Practices Act
### Violation of South Carolina Code § 35-5-10, et seq.

76. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

77. As a result of Defendants' unfair or deceptive methods, acts or practices as set forth in the paragraphs above (including but not limited to, trademark infringement, false designation of origin, servicemark infringement, and unfair competition), Plaintiff has suffered an ascertainable loss of money or property, and Defendants have engaged in unfair trade practices in violation of South Carolina's Unfair Trade Practices Act, S.C. Code §§ 39-5-10, et seq.

78. Defendants' unlawful conduct, as described above, was and is offensive to public policy, immoral, unethical and/or oppressive, and had a tendency to deceive.

79. Defendants' unlawful actions, as described above, were contrary to and had an impact on the public interest, and were willful and knowing; and thus, Defendants' conduct constituted willful and knowing violations of South Carolina Code § 39-5-20.

80. Pursuant to South Carolina Code § 39-5-140, Plaintiff is entitled to actual damages as a result of Defendants' use of unfair and deceptive trade practices; and because these acts are willful and knowing violations of South Carolina's Unfair Trade Practices Act, Plaintiff is entitled to treble damages and attorneys' fees.

81. Defendants' conduct described in this Cause of Action has caused and, unless enjoined, will continue to cause Plaintiff to suffer immediate, irreparable and continuous loss, damage and injury to its goodwill and business reputation. Monetary damages will not afford full and adequate relief. As a result, Plaintiff is entitled to preliminary permanent injunctive relief.

## TENTH CAUSE OF ACTION
### Unjust Enrichment

82. Plaintiff repeats and re-alleges the allegations of the paragraphs above, as though fully set forth herein.

83. By profiting from their illegal use of the intellectual property of Plaintiff, and/or by taking the unauthorized actions described in the paragraphs above, Defendants have wrongfully, willfully, wantonly and/or recklessly benefited from their conduct and injured Plaintiff as a result.

84. Defendants are not entitled to retain the profits and other benefits derived from unauthorized use of Plaintiff's property or goodwill, or from such other unauthorized actions as described in the paragraphs above. As a result, Defendants have received unjust enrichment, and must return to Plaintiff all profits and other benefits wrongfully received.

**Prayer for Relief**

WHEREFORE, Plaintiff prays:

A. That Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

1. using the name Centerwell (by itself and in combination with other words and symbols) and any other marks that are confusingly similar to any of the Centerway Marks in connection with all medical products and services;

2. doing any other act or thing likely to induce the mistaken belief that Defendants or their goods or services are in any way affiliated, connected or associated with Plaintiff or its goods or services; or that Plaintiff or its goods or services are in any way affiliated, connected or associated with Defendants or their goods or services; and

3. Unfairly competing with Plaintiff in any manner whatsoever.

B. That Defendants be required to recall and/or destroy all advertising, marketing and other materials that violate the terms of any injunction entered herein, or bear any designation in violation thereof.

C. That, pursuant to 15 U.S.C. § 1118, Defendants be required to deliver up to the Court or to Plaintiff for destruction all non-woven fabric or fibers, labels, packages, brochures, wrappers, advertisements, promotions, letterhead and all other goods or matter in the custody or under the control of Defendants bearing the name Centerwell or any other designation likely to cause confusion with Plaintiff's Centerway Marks.

D. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

1. All profits received by Defendants as a result of their unlawful actions, said amount to be trebled, pursuant to 15 U.S.C. § 1117, S.C. Code § 39-15-1170(A), and/or S.C. Code § 39-5-140, due to Defendants' willful misconduct;

2. All damages sustained by Plaintiff as a result of Defendants' unlawful actions, said amount to be trebled, pursuant to 15 U.S.C. § 1117, S.C. Code § 39-15-1170(A), and/or S.C. Code § 39-5-140, due to Defendants' willful actions;

3. Punitive damages; and

4. Prejudgment interest.

E. That, pursuant to 15 U.S.C. § 1116, Defendants be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of any injunction by this Court a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction.

F. That, pursuant to 15 U.S.C. § 1117, S.C. Code § 39-15-1170(A), and/or S.C. Code § 39-5-140, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred by Plaintiff as a result of this action.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

FENNO LAW FIRM, LLC


By: */s/Edward T. Fenno*
Edward T. Fenno (Fed. ID No. 7498)
Robert A. Darby (Fed. ID No. 13193
1470 Ben Sawyer Blvd., Suite D-13
Mount Pleasant, SC 29464
Ph: (843) 720-3747
Email: efenno@fennolaw.com

COUNSEL FOR PLAINTIFF CENTERWAY
BEHAVIORAL HEALTH LLC

November 18, 2025
Mount Pleasant, South Carolina